Thomas F. Murphy, Administrator, *vs.* Jesse P. Eddy.

Unless mortgaged personalty be redeemed within sixty days after the condition of the mortgage has been broken, the time allowed for redemption by Pub. Stat. R. I. cap. 176, § 11, the mortgage is to be regarded as foreclosed and the right of redemption barred at the expiration of the sixty days.

A bill for an account of mortgaged personal estate cannot be maintained against the mortgagee, after the expiration of the time allowed for redemption by Pub. Stat. R. I. cap. 176, § 11, where no equities appear which would permit a redemption at a later day.

An averment in general terms of the existence of intricate and complicated accounts between the parties is not sufficient to support a bill for an account.

Bill in Equity for an account. On demurrer.

*March* 26, 1895. Matteson, C. J. We do not think that the bill can be maintained either for an account of the mortgaged estate or for an accounting generally. It was filed January 7, 1895. It shows that the mortgagor, Wilson, died January 8, 1891: that subsequently, in 1891, the respondent as mortgagee took possession of the mortgaged property and held it for several years: that the complainant was appointed administrator on the estate of the deceased May 16, 1893, and qualified himself as such.

Pub. Stat. R. I. cap. 176, § 11, provides that "Whenever the condition of any mortgage of personal property has been broken the mortgagor or any person lawfully claiming or

holding under him may redeem the same at any time within sixty days thereafter, unless the property shall in the meantime have been sold in pursuance of the contract between the parties."

Assuming that the sixty days allowed by the statute for the redemption at law would not run so long as there was no administrator on the estate of the deceased, they did begin to run immediately on the appointment and qualification of the complainant. No equity is set forth in the bill which would permit a redemption at a later day. In the absence of such equity, the mortgage must be regarded as having been foreclosed and the right of redemption barred at the end of the sixty days next subsequent to the appointment and qualification of the complainant as administrator. It follows that the respondent thereupon became the absolute owner of the property which had been conveyed in the mortgage and, therefore, no longer liable to account for it, even though, as alleged, it was more valuable than the amount due on the mortgage.

The bill prays for no discovery but merely avers in general terms the existence of intricate and complicated accounts between the deceased and the respondent. Such an averment is not sufficient to support a bill for an account. *McCulla v. Beadleston*, 17 R. I. 20, 26.

Demurrer sustained.

*John M. Brennan & Dennis J. Holland*, for complainant.

*Simon S. Lapham*, for respondent.